IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nu-Concepts Window | ) | Case No. 10-49844 |
| Corporation, | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | HEARING DATE: 11/9/2010 |
| | ) | HEARING TIME: 9:30 a.m. |

**INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN**

Upon consideration of the Motion for Authority to Use Cash Collateral (the "Cash Collateral Motion") filed by Nu-Concepts Window Corporation ("Debtor"), pursuant to §§ 105, 361, 363, 503 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2, seeking authority for the Debtor to use Cash Collateral (as defined herein);[1]

**THE COURT HEREBY FINDS:**

A.  Petition Date. On November 8, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the bankruptcy cases of the Debtors shall be referred to as, the "Case").

B.  Debtor in Possession. The Debtor has continued in the management and possession of its business and property as Debtor-in-Possession pursuant to Bankruptcy Code §§ 1107 and 1108. No Official Committee of Unsecured Creditors (the "Committee") has been appointed in this Case as of the date hereof.

---

[1] Capitalized terms not otherwise defined herein or in the Bankruptcy Code shall have the meaning ascribed thereto in the Motion.

C. <u>Jurisdiction and Venue.</u> This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Prepetition Claim Against the Debtor.</u> On October 26, 2010, Estates Windows obtained a $60,000 judgment against the Debtor and on November 2, 2010, Estates Windows served a Citation to Discover Assets (the "Citations") upon the Debtor and Northbrook Bank & Trust ("NBT"); the bank holding the Debtor's cash accounts, including its payroll account (the "Accounts"). Solely for purposes of this Cash Collateral Order and without prejudice to the rights of the Debtor to challenge the Prepetition Claim (as defined below), the Debtor has acknowledged that Estates Windows asserts a $60,000 claim against the Debtor (the "Prepetition Claim") which is secured, in whole or in part, by virtue of the service of the Citations (the "Citation Lien") and that the cash of approximately $8,000 in the Debtor's bank account as of November 2, 2010, constitutes Cash Collateral under 11 U.S.C. §363.

**Based upon the foregoing findings and conclusions, the Cash Collateral Motion, and the record before the Court with respect to the Cash Collateral Motion, and good and sufficient cause appearing therefor,**

**IT IS HEREBY ORDERED that:**

1. <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions of this Cash Collateral Order, the Debtor may use Cash Collateral to pay actual, ordinary, and necessary expenses set forth in the budget attached hereto as Exhibit "A," or such future budget that the Debtor files with the Court (the "*Budget*"). Any restrictions imposed upon the Debtor's use of cash in its Accounts or its use of Cash Collateral are void and of no effect and NBT is authorized

and directed to allow the Debtor access to any and all cash currently in the Debtor's Accounts, as well as any funds the Debtor deposits therein.

2.  Adequate Protection Liens. Subject to paragraph 4 below, as adequate protection for whatever interest Estates Windows holds in the Debtor's Cash Collateral as of the Petition Date, Estates is granted a post-petition replacement lien upon (the "Adequate Protection Lien") the Debtor's Cash Collateral and the proceeds thereof acquired postpetition to the same extent and in the same priority as it had in similar prepetition collateral at the time of the filing of the Chapter 11 petition.

3.  Adequate Protection Superpriority Claims. Subject to paragraph 4 below, pursuant to Sections 503(b) and 507(b) of the Bankruptcy Code and to the extent the adequate protection provided herein is not sufficient, the Court grants to Estates Windows an allowed super-priority administrative expense claim (the "Adequate Protection Super-priority Claim"). The Adequate Protection Super-priority Claim shall be junior to all secured claims and to the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930; or the fees and expenses of the Clerk of this Court.

4.  Provisional Status of Superpriority Lien and Claim. Any protections or benefits provided to Estates Windows pursuant to this order, including the Adequate Protection Lien granted to Estates Windows in paragraph 2, *supra*, and the Super-priority Claim granted to Estates Windows in paragraph 3, *supra*, shall be vacated and of no further force and effect to the extent the Court enters an order avoiding the Citation Lien. .

5.  Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this Cash Collateral Order according to its terms and paragraph 4, *supra*.

6. <u>Final Hearing</u>. This matter is set for a final hearing on **11/24**, 2010 at **10:00**.

_____
Hon. Eugene R. Wedoff
United States Bankruptcy Judge

9 NOV 2010

**EXHIBIT "A"**

**BUDGET**

### 30- Day Budget for Nu-Concepts

| | | |
|---|---:|---:|
| Revenues | | $ 117,000 |
| Cost of sales | | 89,000 |
| Gross profit | | 28,000 |
| | | |
| Expenses: | | |
| Accounting fees | 400 | |
| Advertising | 2,900 | |
| Auto expenses: | | |
|   maintenance and repairs | 360 | |
|   Auto leases | - | |
|     Total auto expenses | 360 | |
| Bank service charges | 1,200 | |
| Commissions | 5,600 | |
| Insurance: | | |
|   Business | 36 | |
|   Group health | 600 | |
|     Total insurance expenses | 636 | |
| Office supplies and expenses | 150 | |
| Postage | 111 | |
| Rent | 1,450 | |
| Salaries - Officers | 4,500 | |
| Salaries - General | 4,950 | |
| Taxes - payroll | 750 | |
| Telephones | 450 | |
| Utilities | 350 | |
|   Total expenses | | 23,807 |
| | | |
| Cash flow from continuing operations | | 4,193 |
| | | |
| Net projected monthly cash flows | | $ 4,193 |