IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NU-CONCEPTS WINDOW CORPORATION, | ) | Case No. 10-49844 |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN

This matter having come before the Court for a final hearing on the Motion for Authority to Use Cash Collateral (the "*Cash Collateral Motion*") filed by Nu-Concepts Window Corporation (the "*Debtor*"), pursuant to §§ 105, 361, 363, 503 and 507 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Bankruptcy Rule 4001-2, seeking authority for the Debtor to use cash collateral;[1]

**THE COURT HEREBY FINDS:**

A.  <u>Petition Date</u>. On November 8, 2010 (the "*Petition Date*"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Case*").

B.  <u>Debtor in Possession</u>. The Debtor has continued in the management and possession of its business and property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No Official Committee of Unsecured Creditors has been appointed in this Case as of the date hereof.

---

[1] Capitalized terms not otherwise defined herein or in the Bankruptcy Code shall have the meaning ascribed thereto in the Motion.

C. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Prepetition Claim Against the Debtor</u>. On October 26, 2010, Estates Windows obtained a $60,000 judgment against the Debtor and on November 2, 2010, Estates Windows served citations to discover assets (the "*Citations*") upon the Debtor and Northbrook Bank & Trust ("*NBT*"); the bank holding the Debtor's cash accounts, including its payroll account (the "*Accounts*"). Solely for purposes of this Order and without prejudice to the rights of the Debtor to challenge the Prepetition Claim (as defined below), the Debtor has acknowledged that Estates Windows asserts a $60,000 claim against the Debtor (the "*Prepetition Claim*") which is secured, in whole or in part, by virtue of the service of the Citations (the "*Citation Lien*") and that the cash of approximately $8,000 in the Debtor's bank account as of November 2, 2010, constitutes cash collateral under 11 U.S.C. §363.

**Based upon the foregoing findings and conclusions, the Cash Collateral Motion, and the record before the Court with respect to the Cash Collateral Motion, and good and sufficient cause appearing therefor,**

**IT IS HEREBY ORDERED that:**

1. <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions of this Order, the Debtor may use cash collateral to pay actual, ordinary, and necessary expenses set forth in the budget attached hereto as Exhibit "A," or such future budget that the Debtor files with the Court (the "*Budget*"). Any restrictions imposed upon the Debtor's use of cash in its Accounts or its use of cash collateral are void and of no effect and NBT is authorized and

directed to allow the Debtor access to any and all cash currently in the Accounts, as well as any funds the Debtor deposits therein.

2. <u>Adequate Protection Liens</u>. Subject to paragraph 4 below, as adequate protection for whatever interest Estates Windows holds in the Debtor's cash collateral as of the Petition Date, Estates Windows is granted a post-petition replacement lien upon (the "*Adequate Protection Lien*") the Debtor's cash collateral and the proceeds thereof acquired postpetition to the same extent and in the same priority as it had in similar prepetition collateral at the time of the filing of the Chapter 11 petition.

3. <u>Adequate Protection Superpriority Claims</u>. Subject to paragraph 4 below, pursuant to sections 503(b) and 507(b) of the Bankruptcy Code and to the extent the adequate protection provided herein is not sufficient, the Court grants to Estates Windows an allowed super-priority administrative expense claim (the "*Adequate Protection Super-priority Claim*"). The Adequate Protection Super-priority Claim shall be junior to all secured claims and to the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930; or the fees and expenses of the Clerk of this Court.

4. <u>Provisional Status of Superpriority Lien and Claim</u>. Any protections or benefits provided to Estates Windows pursuant to this Order, including the Adequate Protection Lien granted to Estates Windows in paragraph 2, *supra*, and the Adequate Protection Super-priority Claim granted to Estates Windows in paragraph 3, *supra*, shall be vacated and of no further force and effect to the extent the Court enters an order avoiding the Citation Lien. .

5. <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Order according to its terms and paragraph 4, *supra*.

6. ~~This matter is set for a final hearing on~~ , 2010 at ~~~~

Dated: 2 4 NOV 2010

ENTER:

_____
Hon. Eugene R. Wedoff
United States Bankruptcy Judge

# EXHIBIT A

## NU CONCEPTS WINDOW CORPORATION - 90 DAY BUDGET

| | November 15 thru December 15, 2010 | December 16 thru January 15, 2011 | January 16 thru February 15, 2010 |
|---|---|---|---|
| Revenues | $ 118,000 | $ 80,000 | $ 85,000 |
| Cost of sales: | | | |
| Materials | 67,260 | 45,600 | 48,450 |
| Installation | 26,550 | 16,000 | 17,000 |
| Commissions | 5,310 | 3,600 | 3,825 |
| Licenses, permits and fees | 177 | 120 | 128 |
| Total cost of sales | 99,297 | 65,320 | 69,403 |
| Gross profit | 18,703 | 14,680 | 15,598 |
| Expenses: | | | |
| Advertising | 250 | 250 | 250 |
| Auto expenses: | | | |
| maintenance and repairs | - | - | - |
| insurance | - | - | - |
| leases and car loan payments | 2,437 | 2,437 | 2,437 |
| Total auto expenses | 2,437 | 2,437 | 2,437 |
| Bank service charges | 120 | 120 | 120 |
| Insurance: | | | |
| Business | 278 | 278 | 278 |
| Workers' comp | 100 | 100 | 100 |
| Health | 250 | 250 | 250 |
| Total insurance expenses | 628 | 628 | 628 |
| Legal and accounting | 1,000 | 1,000 | 1,000 |
| Office supplies and expenses | 150 | 150 | 150 |
| Postage | 111 | 111 | 111 |
| Rent | 1,450 | 1,450 | 1,450 |
| * Salaries - Officers | 5,000 | 1,500 | 2,500 |
| Salaries - General | 4,950 | 4,950 | 4,950 |
| Taxes - payroll | 1,436 | 1,168 | 1,245 |
| Telephones | 450 | 450 | 450 |
| Utilities | 250 | 250 | 250 |
| Total expenses | 18,233 | 14,465 | 15,541 |
| Net projected monthly cash flows | $ 470 | $ 215 | $ 56 |

* Officers will draw their normal salaries of up to $2,500 per week depending on the available cash flow.