**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NU-CONCEPTS WINDOW CORPORATION, | ) | Case No. 10-49844 |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

**NOTICE OF REORGANIZED DEBTOR'S MOTION FOR**
**ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASE**

    **PLEASE TAKE NOTICE** that on August 22, 2011, Reorganized Home Builders Association of Greater Chicago (the "*Reorganized Nu-Concepts*") filed the attached Motion for Entry of a Final Decree Under 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 Closing Chapter 11 Case (the "*Motion*").

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **August 30, 2011 at 10:00 a.m.** before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any other Judge who may be sitting in her place and stead, in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 744 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, at which time and place you may appear if you so desire.

Dated: August 22, 2011                  NU-CONCEPTS WINDOW CORPORATION,
                                            Reorganized Debtor

                                            By:  /s/  Sara E. Lorber
                                                  One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 West Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
          slorber@wfactorlaw.com

# CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, hereby certify that, on August 22, 2011, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and *Motion for Entry of a Final Decree Under 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 Closing Chapter 11 Case* to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) by facsimile to those other parties identified on the attached Service List.

/s/ Sara E. Lorber

# SERVICE LIST

**Registrants in the Case**
**(Service through ECF)**

Patrick S. Layng        USTPRegion11.ES.ECF@usdoj.gov

James M. Philbrick      jmphilbrick@att.net

Christopher H. Purcell  shermlaw13@aol.com

**Twenty Largest Unsecured Creditors**
**(Service by U.S. Mail)**

Alside/Credit
3773 State Road
Cuyahoga Fallas, OH 44223
Fax: 847-595-6153

Ally Financial f/k/a GMAC Inc.
P.O. Box 130424
Roseville, MN 55113
Fax: 651-367-2005

Boom Window & Screen
161 Wheeling Road
Wheeling, IL 60090-4807
Fax: 847-459-6195

Central Siding
6817 South Harlem Avenue
Bedford Park, IL 60638
Fax: 708-924-1795

JMK
241 Dallas Lane
Bartlett, IL 60103
Fax: 630-497-9463

Johns K Construction
104 North Wheeling Road
Prospect Heights, IL 60070
Fax: 847-253-6027

Korman/Lederer Management Company
3100 Dundee Road
Suite 116
Northbrook, IL 60062
Fax: 847-205-9723

Northbrook Bank & Trust
Attn: Glen Couchman
1100 Waukegan Road
Northbrook, IL 60062
Fax: 847-446-0304

JP Morgan Chase Bank, N.A.
Chase Auto Finance Corp.
c/o Mary Lautenbach
National Bankruptcy Department
201 North Central Avenue, AZ1-1191
Phoenix, AZ 85004
Fax: 317-757-7421

Pella Windows
c/o Nigro & Westfall
1793 Bloomingdale Road
Glendale Heights, IL 60139
Fax: 630-580-5696

Estates Windows Ltd.
950 Northshore Drive
Lake Bluff, IL 60044
Fax: 847-615-1183

Schnoll & Co.
Attn: Ben Kailin
444 Lake Cook Road
Deerfield, IL 60015
Fax: 312-278-0857

Illinois Department of Employment Security
Attn: Juanito Revilla
33 South State Street, 10th Floor
Chicago, IL 60603
Fax: 312-793-9981

Serious Windows Materials Inc.
1136 Industrial Park Road
Vandergrift, PA 15690
Fax: 312-870-6850

Internal Revenue Service
230 South Dearborn Street
Mail Stop 5010 CHI
Chicago, IL 60604
Fax: 312-566-2826

Sheila Walowitz
3842 Bordeaux
Northbrook, IL 60062
Fax: 847-559-5231

Douglas Bax
Williams, Bax and Saltzman, P.C.
221 North LaSalle, Suite 3700
Chicago, IL 60601
Fax: 312-372-5720

Yellow Pages
c/o Liquidebt Systems Inc.
29W170 Butterfield Road, Suite 102
Warrenville, IL 60555
Fax: 888-621-7991

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NU-CONCEPTS WINDOW CORPORATION, | ) ) | Case No. 10-49844 |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

### MOTION FOR ENTRY OF A FINAL DECREE UNDER 11 U.S.C. § 350 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 CLOSING CHAPTER 11 CASE

Reorganized Nu-Concepts Window Corporation ("*Reorganized Nu-Concepts*") hereby moves the Court pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 for entry of a final decree, substantially in the form submitted herewith, closing the above captioned Chapter 11 case. In support of this motion, Reorganized Nu-Concepts respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article 11 of the Plan (defined herein). Venue of the Case and this motion is proper in the district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 350 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "*Bankruptcy Code*") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND

3. On November 8, 2010 (the "*Petition Date*"), Nu-Concepts Window Corporation (the "*Debtor*") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating this small business case (the "*Case*").

7. During the Case, the Debtor managed its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No committee or trustee was appointed in the Case.

9. On January 4, 2011, the Court entered an order establishing (a) March 7, 2011, as the last date by which entities other than governmental units could file proofs of claim against the Debtor and (b) May 9, 2011, as the last date by which governmental units could file proofs of claim. *See* Dkt. No. 53. Thirteen (13) proofs of claim were filed against the Debtor's estate.

## The Plan

4. On January 17, 2011, the Debtor filed its Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan Statement"). *See* Dkt. No. 59. On January 19, 2011, the Court conditionally approved the Plan Statement. *See* Dkt. No. 60.

5. The Debtor's disclosures were finally approved and the Plan of Reorganization was confirmed on April 27, 2011. *See* Dkt. No. 93. The Effective Date of the Plan was May 11, 2011.[1]

6. Pursuant to the Plan, the deadline for filing administrative claims was June 11, 2010. Plan at § 3.3. No Administrative Claims were filed other than by the Debtor's counsel and accountant.

---

[1] Defined terms not specifically defined herein shall have the meaning ascribed thereto in the Plan.

2

7. Pursuant to the Plan, Holders of Allowed Class 2 Unsecured Claims are to be paid over a five-year period or until the Holders of such Claims receive 50% on account of their Allowed Claims. *Id.* at § 5.2.[2]

8. Specifically, Reorganized Nu-Concepts is required on the 15th of each February for years 2012 through 2016 to deposit its Annual Net Income into the Creditor Trust for the benefit of holders of Allowed Class 2 Claims. On the 15th of each March for years 2012 through 2016, Reorganized Nu-Concepts is required to distribute the funds in the Creditor Trust to Holders of Allowed Class 2 Claims. *Id.* at § 5.2.

### Post Confirmation Activity and Implementation of the Plan

10. Following confirmation the Plan, Reorganized Nu-Concepts conducted a review of the proofs of claim that were filed and the Debtor's books and records, and determined that no claim objections were necessary or appropriate;

11. All Administrative Claims have been resolved and will be satisfied pursuant to the terms of the Confirmation Order and agreement between Reorganized Nu-Concepts and its professionals.

12. No Priority Claims were asserted.

13. As a result of the foregoing, at this point in time, the only matters left to fully implement the Plan are the Annual Contributions and Annual Distributions.

14. Reorganized Nu-Concepts is current on all quarterly fees due to the United States Trustee.

---

[2] All capitalized terms not defined herein shall have the meaning ascribed thereto in the Plan.

## **REQUEST FOR RELIEF**

15. Bankruptcy Code § 350(a) provides that the Court shall close a case after the estate is fully administered and the Court has discharged the trustee. Bankruptcy Code § 105 further provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title."

13. Bankruptcy Rule 3022, which provides the procedural guidelines for closing a chapter 11 case, provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

14. The Bankruptcy Code does not define "fully administered" and thus courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002). *See also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

15. The factors set forth in the Advisory Note to Bankruptcy Rule 3022 include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

17. Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is

4

fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

18. Further, a case should not be kept open solely because all of the payments required by a plan have not been completed. *See* Bankruptcy Rule 3022, Advisory Note ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."). *See also In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (N.D. Ill. 1998) (entering final decree where the "only matters remaining are certain disbursements to be made under the plan and an adversary proceeding "); *In re Pacor*, 1995 U.S. Dist. LEXIS 8106 (E.D. Pa. June 13, 1995) (affirming bankruptcy court's order entering final decree even though distributions from the Pacor Settlement Trust not completed).

19. In light of the foregoing, Reorganized Nu-Concepts submits that the Case has been fully administered and that it is now appropriate to enter a final decree.

20. There is no need in the Case for further supervision by the Court, and in the unlikely event that an issue should arise regarding the Annual Contributions and Annual Distributions, the Court retains jurisdiction under the Plan to resolve such matters. *See* Plan at Article 11.

21. As with the debtor in *Mold Makers* case, "[i]t is time for the Debtor to get on with its business and leave the shadows of the Court." 124 B.R. at 769.

## NOTICE

21. Notice of this motion has been provided to: (i) the Debtor's 20 largest unsecured creditors, (ii) those parties who have filed appearances or requested notices in the Case; and (iv)

5

the United States Trustee (the "*Notice*").

22. Reorganized Nu-Concepts submits that, under the circumstances, such Notice is adequate and that no other or further notice is required.

WHEREFORE, for the reasons set forth herein, Reorganized Nu-Concepts respectfully requests that the Court enter an order, substantially in the form submitted herewith, (a) entering and final decree and closing the Case and (b) granting such other and further relief as is just and proper.

Dated: August 22, 2011　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　REORGANIZED NU-CONCEPTS
　　　　　　　　　　　　　　　　　　　　　　　　WINDOW CORPORATION

　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Sara E. Lorber
　　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
　　**WILLIAM J. FACTOR, LTD.**
105 West Madison Street, Suite 1500
Chicago, IL 60602
Tel:　(847) 239-7248
Fax:　(847) 574-8233
Email: wfactor@wfactorlaw.com
　　　　slorber@wfactorlaw.com

6